BRIDGET WELCH and another *vs.* CITY OF PORTLAND.

Cumberland.    Opinion June 4, 1885.

*Ways.    Defects.    Street commissioner.    Notice.*

When a street commissioner is informed that there is a defect on a certain street in his town, there is a presumption that he performs the duty of going or sending to look it up and remedy it. This presumption added to the information given him, may be sufficient to authorize the jury to find that he had actual notice of the particular defect.

ON EXCEPTION from the superior court.

An action to recover damages for personal injuries received by Bridget Welch, the female plaintiff, by reason of a defect in Cotton street, Portland.

The verdict was for the defendant.

The opinion states the material facts disclosed by the exceptions.

*B. Bradbury,* for the plaintiffs, cited : *Larkin* v. *Boston,* 128 Mass. 521 ; *Rogers* v. *Shirley,* 74 Maine, 147 ; *Porter* v. *Sevey,* 43 Maine, 519 ; *Hubbard* v. *Fayette,* 70 Maine, 121.

*William H. Looney,* for the defendant.

The statute requires twenty-four hours actual notice. Stat. 1877, c. 206, amending R. S., 1871, c. 18, § 65. The cases cited by the learned counsel are dead against his position. In *Larkin* v. *Boston,* the notice was identical to that given by Heffron to Barrett, and the court there declared it insufficient. So in the cases *Rogers* v. *Shirley,* and *Hubbard* v. *Fayette,* the court in each case held the notice to be insufficient. In the

latter case, LIBBEY, J., said the notice "should have been sufficiently specific to call the attention of the municipal officers to the particular defect complained of." Counsel for the plaintiffs contends that a notice of a defect on a street an eighth of a mile in length, upon which there are situated twenty-five houses, is a notice of a particular defect in front of one of those houses. To say that an indefinite notice of a defect on Cotton street is an actual notice of a defect in front of one of the houses on Cotton street, is to torture and distort the evident meaning of the language of the statute.

EMERY, J. The defect complained of was a hole in Cotton street, near the sidewalk in front of Newman's house, Cotton street being a short street, less than forty rods in length, connecting Fore and Free streets. The plaintiffs' evidence of previous notice of the defect to the street commissioners, was that one Mariner, employed by the city on the streets, informed one Heffron, another employee on the streets, of this particular defect, — that Heffron told the street commissioner there was a hole reported to him on Cotton street, near the sidewalk, that ought to be fixed, — that the street commissioner asked him to report it to one of the men, if he should see him first, — that Heffron himself went soon afterward, and partially repaired this defect. The judge instructed the jury in effect, that the evidence did not amount to proof of knowledge in the street commissioner, of the particular hole in front of Newman's house, and that such knowledge must be shown, before the plaintiffs could recover.

If to the evidence above stated, be added the presumption that the street commissioner did his duty by going or sending at once to Cotton street, to find and repair the defect so reported to him, there would seem to be some reason to believe that from his information and subsequent inspection, he acquired actual notice of the defect. At least, there was evidence enough to go to the jury. We think it was to be presumed that the officer did what was so plainly his duty, and that such presumption was

proper evidence for the plaintiffs, and in connection with the other evidence, and particularly the small length of the street, might warrant the jury in finding that the commissioner had actual notice of the particular defect.

It is urged that the notice did not specify the exact location of the defect. It was stated approximately enough to prevent any danger of the defect being overlooked by an officer acting in good faith upon the notice.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.